# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAQUINALES,<br>CDCR # T-05865<br><br>                              Plaintiff,<br><br>vs.<br><br>DOMINGO URIBE; N. LAMONT;<br>ROSE HERRERA; CORRECTIONAL<br>SERGEANT TRUILLO; DR. KO,<br><br>                              Defendants. | Civil No. 13cv0015 CAB (BLM)<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS CARRENO, SANGHA, VON LINTIG, RUDDY AND MILLER;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.

### PROCEDURAL HISTORY

On January 2, 2013, Plaintiff, a state prisoner currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). On April 16, 2013, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. (ECF No. 8 at 6-7.) Plaintiff was granted leave to file an Amended Complaint in order to correct the

1  deficiencies of pleading identified by the Court. (*Id.* at 7.) Plaintiff was also cautioned that any
2  "Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed
3  to have been waived." (*Id.* citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

4  On April 26, 2013, Plaintiff filed his First Amended Complaint ("FAC"), along with a
5  Motion to Appoint Counsel . (ECF Nos. 9, 10.) In his First Amended Complaint, Plaintiff no
6  longer names Carreno, Sangha, Von Lintig, Ruddy or Miller as Defendants. Thus, Plaintiff has
7  waived his claims against these Defendants and they are dismissed from this action. *King*, 814
8  F.3d at 567.

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

11  Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil
12  action. The Constitution provides no right to appointment of counsel in a civil case, however,
13  unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept.*
14  *of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district
15  courts are granted discretion to appoint counsel for indigent persons. This discretion may be
16  exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th
17  Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the
18  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se
19  in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and
20  both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,
21  789 F.2d 1328, 1331 (9th Cir. 1986)).

22  The Court denies Plaintiff's request without prejudice, as neither the interests of justice
23  nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
24  827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

27  As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")
28  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants Carreno, Sangha, Von Lintig, Ruddy and Miller are **DISMISSED** from this action. The Clerk of Court is directed to terminate these Defendants from the docket.

2. Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF Doc. No. 10) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that:**

3. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint (ECF No. 9) upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of

1  this Order, the Court's Order granting Plaintiff leave to proceed IFP (ECF No. 8), and certified
2  copies of his First Amended Complaint and the summons for purposes of serving each
3  Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s
4  as completely and accurately as possible, and to return them to the United States Marshal
5  according to the instructions provided by the Clerk in the letter accompanying his IFP package.
6  Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons
7  upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be
8  advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

9       4.   Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended
10 Complaint within the time provided by the applicable provisions of Federal Rule of Civil
11 Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted
12 to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or
13 other correctional facility under section 1983," once the Court has conducted its sua sponte
14 screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary
15 determination based on the face on the pleading alone that Plaintiff has a "reasonable
16 opportunity to prevail on the merits," Defendants are required to respond).

17      5.   Plaintiff shall serve upon Defendants or, if appearance has been entered by
18 counsel, upon Defendants' counsel, a copy of every further pleading or other document
19 submitted for consideration of the Court. Plaintiff shall include with the original paper to be
20 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
21 of any document was served on Defendants, or counsel for Defendants, and the date of service.
22 Any paper received by the Court which has not been filed with the Clerk or which fails to
23 include a Certificate of Service will be disregarded.

24      **IT IS SO ORDERED.**
25 DATED: May 2, 2013

27      _____
        **CATHY ANN BENCIVENGO**
        United States District Judge